[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AWARD OF PUNITIVE DAMAGES AND INJUNCTIVE RELIEF
On September 10, 1996, the jury found with respect to Count Four of the complaint alleging that the defendants had violated the Connecticut Unfair Trade Practices Act, C.G.S. Sec. 42-110g, that the defendants had engaged in unfair and deceptive acts or trade practices in its dealings with the plaintiffs. The jury was instructed that the issue of damages on that count would be left CT Page 4491 to the court. (C.G.S. Sec. 42-110g(a))
The court must assess the evidence, and if there is proved a reckless indifference to the rights of others or an intentional and wanton violation of those rights, the court may award punitive damages. Gargano v. Heyman, 203 Conn. 616, 620 (1987). There is a recognition that the court may award attorney's fees, although the measure of damages is not limited solely to the award of attorneys fees. (Gergano v. Heyman, supra; WillowSprings Condominium Association, Inc. v. Seventh BRT DevelopmentCorp., et al, CV93-0062549, Litchfield Judicial District, Dranginis, J.)
The evidence in this matter disclosed that the defendants had failed to account to the plaintiffs for timber harvested, had failed to give mill slips accounting for sold timber, had failed to pay in a timely manner, and had failed to fully pay for timber harvested. Moreover, the evidence revealed that they had done waste to the property of the plaintiffs, and that the activities on the plaintiffs property were not consistent with the representations concerning environmentally sound timbering which had induced the plaintiffs to contract with the defendants. The evidence for the plaintiffs and against the defendants from other consumers who had hired and used the defendant's services were mixed. There were witnesses for whom the defendant had done adequate work, but they were people who possessed large land tracts, only a portion of which were worked by the defendants. The consumers who were similarly situated as the plaintiffs in this case gave compelling testimony concerning their victimization by the defendants. They were not paid for their timber, and their properties were damaged by the work done by the defendants. Many of them had not taken any action against the defendants.
The court finds that the finding of the jury is well-placed, and that the defendants are subject to the punitive damage award allowable by statute. Insofar as the Gergano opinion indicates further that a multiple of the damages awarded by the jury is also a measure of allowable damages, this court awards punitive damages in the amount of Thirty-one Thousand, Five Hundred ($31,500.00) Dollars. The court notes that the amount exceeds the grand total of attorney's fees submitted by affidavit, and that the jury awarded Four Thousand ($4,000.00) Dollars as a measure of damages on Count Three. CT Page 4492
The court has also been asked to enjoin the defendants from further victimizing members of the public. The court declines to enjoin the defendants permanently from engaging in their chosen profession, in light of the testimony from landowners who found their work to be acceptable. However, the court also finds that the commercial activities of the defendants should be supervised and monitored for a period to be established by the licensing authority.
The court thereby orders the defendants to make a full and complete accounting for all work done in the past three (3) years, and to provide notice to those consumers who hired them of the interest of the State of Connecticut. The court orders the Commissioner of Consumer Protection to monitor the repayment of any sums found to be due and owing to those consumers, or to secure payment accommodation between the defendants and those harmed by them.
The court further enjoins the defendants from engaging in their business with any consumers without first submitting sufficient security to consumers for whom work is to be performed, for damage to their property or non-payment of sums due under the respective contracts; that appropriate monitoring of its jobs be required, by licensed foresters or other professionals acting as a neutral or on behalf of the consumer; and that the defendant provide regular accountings to consumers by way of mill receipts, certified checks or bank checks, and payment of sums due, and a final accounting to the consumer at the completion of the project.
Should the Defendants fail to adhere to the orders of the court, it shall be fined Five Hundred ($500.00) Dollars per occurrence. The orders in this judgment shall apply to the person of Joseph Willis and any successor corporation which he may have an interest in. The violation of the order of this court should also trigger an administrative review of any appropriate licensing of the defendants and the conditions imposed on that license. The defendants shall attach a copy of this order with all contracts for work to be performed for consumers, until the Department of Consumer Protection is satisfied with Defendants' compliance, and upon the dissolution of such injunction by the court.
DRANGINIS J. CT Page 4493